UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN HUA LIN, <br><br> Plaintiff, <br><br> v. <br><br> XIU YING LIN, JIN CHENG LIN, XIUYING LIN, and JINCHENG LIN, <br><br> Defendants. | 22-CV-09263 (RA) <br><br> ORDER OF DISMISSAL |

RONNIE ABRAMS, United States District Judge:

Plaintiff Chun Hua Lin brings this *pro se* action, for which the filing fee has been paid, against four individuals. The Complaint alleges that Plaintiff "could sometimes feel hearing [Defendants] speak, feel something inside my organs, and control my mouth, breathing, and hand movements." Compl. at 5. It further alleges Plaintiff "can hear everything in [Defendants'] conversations, including the fact that they seem to be listening in on me," and that Defendants "sometimes use my vocal cords, hands and mouth to control my behavior, harass me to sleep, even stop me from sleeping, make me dream, and sometimes feel like something hits me and makes me sore." *Id*. The Complaint alleges that an "electronic mind control weapon" is responsible for Defendants' actions, and attaches what purports to be a description and diagram of the device. Compl. at 7–18.

For the reasons set forth below, the Court dismisses the Complaint as frivolous because its allegations rise to the "fanciful," "irrational," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

**LEGAL STANDARD**

Courts must construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original). Nonetheless, they have the authority to dismiss a complaint if they determine that the action is frivolous, and may do so regardless of whether a plaintiff "paid the [] filing fee rather than requesting permission to proceed *in forma pauperis*." *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (*per curiam*)).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court explained in *Denton v. Hernandez*, "a court may dismiss a claim as factually frivolous" where the "facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." 504 U.S. at 32–33 (cleaned up). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 32; *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (cleaned up).

**DISCUSSION**

The entirety of the claims in the Complaint—which are contained in a single, terse paragraph—stem from the allegation that Plaintiff suffered from "mental torment" and was "unable to concentrate" as a result Defendants' purported "control of [Plaintiff's] mouth, breathing, and hand movements." Compl. at 5–6. The Complaint alleges Defendants use Plaintiff's vocal

2

cords, hands, and mouth, and cause something to move inside Plaintiff's organs. *See* Compl. at 5. In support, Plaintiff attaches what purports to be diagram and description of an "electronic mind control weapon," Compl. at 8–17, and details the effects of an "electronic harassment weapon" on the body, including "FORCED **SPEECH**," "MICROWAVE HEARING," and "TRANSPARENT EYELIDS," Compl. at 17 (emphasis in original).

The Court finds these allegations and the Complaint more generally to be "replete with fantastic and delusional scenarios," *Mecca v. U.S. Gov't*, 232 F. App'x 66, 66 (2d Cir. 2007), warranting dismissal. Indeed, even when read with the "special solicitude" due when reviewing *pro se* pleadings in this Circuit, *Triestman*, 470 F.3d at 475, Plaintiff's allegations rise to the level of the fanciful, irrational, or wholly incredible, and there is no legal theory upon which Plaintiff can rely to state a claim for relief, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts in this Circuit, however, generally grant *pro se* plaintiffs an opportunity to amend a complaint to cure its defects. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the Court is highly skeptical that Plaintiff will be able cure the deficiencies identified above, it nonetheless grants Plaintiff leave to amend the Complaint to add allegations that plausibly plead a legal cause of action.[1]

## CONCLUSION

Accordingly, Plaintiff's Complaint is dismissed as frivolous, albeit without prejudice. The Court further certifies under that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status, to the extent sought, is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates

---

[1] The Court further observes that, because the allegations relate to harm purportedly occurring in "Flushing Queens New York," Compl. at 5, the Complaint fails to articulate why venue is appropriate in this district, rather than in the Eastern District of New York—a jurisdictional deficiency that Plaintiff should cure in any amended pleadings.

good faith when he seeks review of a nonfrivolous issue).  Plaintiff may amend the Complaint within thirty (30) days of this order to the extent that there is a good faith basis for doing so.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   November 14, 2022
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge